UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.:   8:97-cr-186-T-23MAP

TONY BROWN
                                                                    /

### ORDER

The United States Sentencing Commission promulgated Amendment 706, which lowers the base offense level for a cocaine base ("crack" cocaine) offense by two levels for an eligible defendant sentenced on or after November 1, 2007. Effective March 8, 2008, the Commission applied this amendment retroactively to a defendant sentenced before November 1, 2007. Tony Brown, an inmate sentenced before November 1, 2007, moves (Doc. 46) pro se for appointment of counsel to file a motion for reduction of his sentence pursuant to 23 U.S.C. § 3582(c)(2) and Section 1B1.10, United States Sentencing Guidelines.

At the 1998 sentencing, Brown's guideline offense level was 23 (after a three-level decrease for acceptance of responsibility and for assisting authorities in investigation of the offense.)  However, Brown is a career offender pursuant to section 4B1.1 of the Sentencing Guidelines with a total offense level of 34 reduced to offense level 31 after a three-level reduction for acceptance of responsibility and for assisting authorities in investigation of the offense.  Offense level 31, criminal history category VI yields an imprisonment range of 188-235 months.  Brown was sentenced to a 188-month term of imprisonment

Section 1B1.10(a)(2)(B) provides that a reduction in sentence is "not consistent with this policy statement and therefore is not authorized . . . under 28 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  Because the defendant's sentence was based on a career offender enhancement pursuant to section 4B1.1, Amendment 706 does not lower the defendant's applicable guideline range, and a reduction would be inconsistent with the policy statements issued by the Sentencing Commission.

Brown's motion for appointment of counsel (Doc. 46) is **DENIED**.

The Clerk shall furnish a copy of this order to the United States Attorney, the United States Probation Office, and the defendant.

ORDERED in Tampa, Florida, on May 1, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE